# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GRANT CLEVERLEY, in his individual capacity and on behalf of nominal plaintiff ALLSITE STRUCTURE RENTALS, LLC, also a defendant herein,<br><br>        Plaintiff,<br><br>vs.<br><br>CHARLES BALLANTYNE, an individual; ALLSITE STRUCTURE RENTALS, LLC,<br><br>        Defendants. | Case No. 2:12-cv-00444-GMN-GWF<br><br>**ORDER** |

This matter comes before the Court on Plaintiff Cleverley's ("Plaintiff") Motion to Seal Motion for Leave to File Second Amended Complaint (#117), filed on July 2, 2013.

The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978). A narrow range of documents is not subject to the right of public access because the records have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The moving party must articulate compelling reasons supported by specific factual findings that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted).

Although a "good cause" standard applies to motions to seal documents attached to non-dispositive motions, *see id.* at 1179-80, the "compelling reasons" standard applies to motions to seal all or part of a complaint. *See, e.g., In re NVIDIA Corp. Derivative Litigation*, 2008 WL 1859067, *4 (N.D. Calif., April 23 2008). Compelling reasons sufficient to justify sealing court records exist "when such court files might [...] become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal citations omitted).

Here, Plaintiff represents that portions of his Motion for Leave to File Second Amended Complaint (#116) and his proposed Second Amended Complaint (#116, Exh. 2) refer to not-yet-filed exhibits that contain information subject to the Protective Order (#34) in this case. Due to these representations, the Court finds Plaintiff establishes compelling reasons to seal those portions of the Motion (#116) and proposed Second Amended Complaint (#116, Exh. 2) that contain information subject to the Protective Order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal Motion for Leave to File Second Amended Complaint (#117) is **granted** in part and **denied** in part as follows:

(1) Plaintiff's Motion for Leave to File Second Amended Complaint (#116) and its exhibits shall remain under seal;

(2) Plaintiff shall re-file an unsealed copy of the Motion (#116) and its exhibits with the information subject to the Protective Order (#34) redacted.

DATED this 10th day of July, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge