UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| GRANT CLEVERLEY, in his individual capacity and on behalf of nominal plaintiff ALLSITE STRUCTURE RENTALS, LLC, also a defendant herein,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES BALLANTYNE, an individual; ALLSITE STRUCTURE RENTALS, LLC,<br><br>    Defendants. | Case No.  2:12-cv-00444-GMN-GWF<br><br>**ORDER** |

This matter comes before the Court on Plaintiff Cleverley's ("Plaintiff") Motion to Seal Opposition (#127), filed on July 12, 2013.

The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978). A narrow range of documents is not subject to the right of public access because the records have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The moving party must articulate compelling reasons supported by specific factual findings that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). A "good cause" standard however, applies to

motions to seal documents attached to non-dispositive motions, *see id.* at 1179-80.

Here, Plaintiff seeks to seal his Opposition (#126) to Defendants' Motion for Protective Order (#115), which he filed under seal along with the instant Motion. Plaintiff represents that portions of his Opposition (#126) rely upon exhibits that Defendants previously marked as confidential under the Protective Order (#34) in this case. Due to these representations, the Court finds Plaintiff establishes good cause to seal those portions of the Opposition (#126) and its exhibits that contain information subject to the Protective Order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Opposition Under Seal (#127) is **granted** in part and **denied** in part as follows:

(1) Plaintiff's Opposition (#127) to Defendants' Motion (#115) and its exhibits shall remain under seal;

(2) Plaintiff shall re-file an unsealed copy of the Opposition (#126) and its exhibits with the information subject to the Protective Order (#34) redacted.

DATED this 16th day of July, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge