**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GRANT CLEVERLEY, in his individual   )
capacity and on behalf of nominal plaintiff   )
ALLSITE STRUCTURE RENTALS, LLC,   )
also a defendant herein,   )
                              )
             Plaintiff,   )     Case No.  2:12-cv-00444-GMN-GWF
                              )
vs.   )     **<u>ORDER</u>**
                              )
CHARLES BALLANTYNE, an individual;   )
ALLSITE STRUCTURE RENTALS, LLC,   )
                              )
             Defendants.   )
_____)

       This matter comes before the Court on Plaintiff Cleverley's ("Plaintiff") Motion to Seal
Opposition (#127), filed on July 12, 2013.

       The Supreme Court has recognized a "general right to inspect and copy public records and
documents, including judicial records and documents."  *Nixon v. Warner Comm., Inc*., 435 U.S.
589, 597 & n. 7 (1978).  A narrow range of documents is not subject to the right of public access
because the records have "traditionally been kept secret for important policy reasons."  *Times
Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).  Unless a particular court record
is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point.
*Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing
*Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  The moving party must articulate
compelling reasons supported by specific factual findings that "outweigh the general history of
access and the public policies favoring disclosure."  *Kamakana v. City of Honolulu*, 447 F.3d 1172,
1178 (9th Cir. 2006) (internal citations omitted).  A "good cause" standard however, applies to

motions to seal documents attached to non-dispositive motions, *see id.* at 1179-80.

Here, Plaintiff seeks to seal his Opposition (#126) to Defendants' Motion for Protective Order (#115), which he filed under seal along with the instant Motion.  Plaintiff represents that portions of his Opposition (#126) rely upon exhibits that Defendants previously marked as confidential under the Protective Order (#34) in this case.  Due to these representations, the Court finds Plaintiff establishes good cause to seal those portions of the Opposition (#126) and its exhibits that contain information subject to the Protective Order.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Opposition Under Seal (#127) is **granted** in part and **denied** in part as follows:

(1)   Plaintiff's Opposition (#127) to Defendants' Motion (#115) and its exhibits shall remain under seal;

(2)   Plaintiff shall re-file an unsealed copy of the Opposition (#126) and its exhibits with the information subject to the Protective Order (#34) redacted.

DATED this 16th day of July, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge

2