## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GRANT CLEVERLEY, in his individual capacity and on behalf of nominal plaintiff ALLSITE STRUCTURE RENTALS, LLC, also a defendant herein,<br><br>        Plaintiff,<br><br>vs.<br><br>CHARLES BALLANTYNE, an individual; ALLSITE STRUCTURE RENTALS, LLC,<br><br>        Defendants. | Case No.  2:12-cv-00444-GMN-GWF<br><br>**ORDER** |

      This matter is before the Court on Plaintiff's Motion for Sanctions (#100), filed on May 29, 2013; Defendants' Opposition to Motion for Sanctions (#107), filed on June 17, 2013; and Plaintiff's Reply in Support of Motion for Sanctions (#114), filed on June 27, 2013.

### BACKGROUND AND DISCUSSION

      On April 24, 2013 Defendants filed their Emergency Motion to Stay Certain Discovery Pending Ruling on Defendants' Motion to Dismiss Amended Complaint (#79).  Plaintiff filed an opposition to the motion for stay on May 13, 2013.  On May 23, 2013, Defendants filed their Reply in Support of Emergency Motion to Stay (#93) in which they argued that the partial discovery stay should also be granted because "Cleverly has made it clear that he intends to punish Defendants and make this litigation as expensive for Defendants as possible." *Reply (#93) pg. 2*.  In support of this assertion, the Defendants further stated:

> Cleverly's counsel has represented to Defendants' counsel that the pending, and anticipated, discovery is a means to that end:

> ***we are spending monopoly money and we really don't care how much of it we spend prosecuting this case. We have exactly zero incentive to keep the costs of this litigation down*** *because we are in the rare position of essentially being guaranteed to get it all back from Snyder's malpractice carrier.* ***Charlie, on the other hand is spending real money that he will never get back. Does he understand that he is the only one spending real money? I doubt it.*** *I suspect he thinks this is a war of attrition and that Grant will blink first - he won't.* ***He won't blink for the simple reason that he is isn't writing any checks to fund this litigation. Charlie is the only one doing that.***

*Reply (#93), pg. 2.*

      Defendants attached a declaration by their counsel, Jeff Silvestri, in which he stated that Plaintiff's counsel, Brian Thompson, had made the above statements to him within the last month. *Reply (#93), Exhibit A.* Mr. Silvestri did not otherwise identify or describe the nature of Mr. Thompson's communication. Mr. Thompson's statements were contained in an email letter he sent to Mr. Silvestri on April 25, 2013 which was headed: "**FOR SETTLEMENT PURPOSES ONLY**." *See Motion for Sanctions (#100), Exhibit C.* The letter was a follow-up to the parties' previous settlement negotiations. Plaintiff argues that Defendant should be sanctioned in regard to its Reply (#93) because (1) Defendant failed to inform the Court that Mr. Thompson's statement was contained in an email letter relating to settlement negotiations and (2) Defendants misrepresented the communication by only quoting the highlighted portions of the letter as set forth above.

      Defendants argue that Plaintiff's motion for sanctions should first be denied because Plaintiff's counsel did not comply with the "safe harbor" provisions of Rule 11(c)(2) of the Federal Rules of Civil Procedure. Second, Defendants argue that the fact that the quoted excerpt was in a letter marked "**FOR SETTLEMENT PURPOSES ONLY**," did not make it inadmissible for purposes of Defendant's motion for stay. Defendants indicate that they did not identify the nature of the communication or include its other contents in their reply because their purpose was to show Plaintiff's intentions or motives regarding discovery without disclosing the parties' settlement offers or exchanges.

. . .

1    The Court finds that it was not improper for Defendants to quote relevant portions of Mr. Thompson's April 25, 2013 letter in support of their motion for stay. Rule 408(a) of the Federal Rules of Evidence provides that evidence of settlement offers or statements made during settlement or compromise negotiations are not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Rule 408(b) states, however, that "[t]he court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Defendants only quoted those portions of Mr. Thompson's letter which supported their argument that Mr. Thompson and his client had no incentive to keep the costs of litigation down and intended to punish the Defendants through the conduct of excessive discovery. Having reviewed the email letter in its entirety, the Court finds that the excerpt was not taken out of context and did not misrepresent the actual meaning of the quoted statements.

Defendants' counsel should have identified the date and nature of the letter in the reply brief and in his declaration. The failure to do so, however, does not support a finding of bad faith because Defendants did not gain any particular advantage by not so doing. If Defendants had attached Mr. Thompson's entire letter to their reply brief, their argument regarding Plaintiff's alleged intent to abuse the discovery process would have been just as strong, if not stronger. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (#100) is **denied.**

DATED this 29th day of August, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge