1

2

3

4          **UNITED STATES DISTRICT COURT**

5          **DISTRICT OF NEVADA**

6

7   GRANT CLEVERLEY, in his individual           )
    capacity and on behalf of nominal plaintiff   )
8   ALLSITE STRUCTURE RENTALS, LLC,               )
    also a defendant herein,                      )
9                                                 )
                Plaintiff,                         )      Case No.  2:12-cv-00444-GMN-GWF
10                                                )
    vs.                                           )      **ORDER**
11                                                )
    CHARLES BALLANTYNE, an individual;            )      **Motion for Partial Summary**
12  ALLSITE STRUCTURE RENTALS, LLC,               )      **Judgment and for Specific**
                                                  )      **Performance (#92)**
13              Defendants.                        )
    _____)

14

15          This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment and for

16  Specific Performance (#92), filed on May 23, 2013.  Defendants filed their Opposition to the

17  Motion for Partial Summary Judgment and for Specific Performance (#108) on June 17, 2013.

18  Plaintiff filed his Reply in Further Support of his Motion for Partial Summary Judgment and for

19  Specific Performance (#118) on July 3, 2013.  On October 23, 2013, this case was referred to the

20  undersigned Magistrate Judge to conduct all proceedings and order the entry of a final judgment in

21  accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.  *See Docket Entry (#146).*  The

22  undersigned thereafter conducted a hearing on Plaintiff's motion for partial summary judgment on

23  December 4, 2013.

24          **BACKGROUND**

25          Plaintiff Grant Cleverley previously owned a fifty percent (50%) interest in AllSite

26  Structure Rentals, LLC, a Nevada limited liability company (hereinafter "AllSite").  On or about

27  June 14, 2011, Cleverley entered into a written agreement with AllSite to sell his interest to AllSite

28  in exchange for the payment of $1,300,000.  *Motion (#92), Exhibit A, Purchase and Sale*

*Agreement.*  The purchase agreement provided for the payment of $200,000 to Cleverley at the closing.  AllSite executed a promissory note for the remaining $1,100,000 which was to be paid in thirteen (13) consecutive quarter-annual installments of $68,750 beginning on December 1, 2011, with a final payment of $206,250 due on June 1, 2015.  *Motion (#92), Exhibit D, Promissory Note.*  The Purchase and Sale Agreement also contained a "Mutual Waiver and Release (Claims Known and Unknown)" which was binding on Cleverley, AllSite, AllSite's manager John Cofran and AllSite's other Members, i.e. Charles Ballantyne.  *Purchase and Sale Agreement*, §5B.

AllSite made the initial payment of $200,000 to Cleverley and also paid him the first quarter-annual payment of $68,750 due on December 1, 2011.  On January 27, 2012, Cleverley's counsel sent a letter to AllSite's counsel, enclosing a draft complaint against AllSite, John Cofran and Charles Ballantyne.  *Defendants' Opposition (#108), Exhibit G.*  The first paragraph of the letter stated:  "Among other things, the Complaint seeks an accounting of AllSite's financial and business matters and rescission of the Purchase and Sale Agreement by which Mr. Cleverley sold his membership interests in the Company to AllSite (the 'Agreement')."  The letter stated that Cleverley would not have to file the complaint if AllSite, Cofran and Ballantyne did certain things, including providing a sufficient distribution to Mr. Cleverley to cover any tax liability associated with his ownership interest in the Company for 2010 and 2011 and paid all of the commissions owed Mr. Cleverley by AllSite.  *Id.*  AllSite, Cofran and Ballantyne did not agree to the conditions set forth in the January 27, 2012 letter.

Cleverley filed his original complaint in this action on March 16, 2012.  *Complaint (#1).*  The third claim for relief in the complaint alleged a claim for intentional misrepresentation and fraud in the inducement against all Defendants.  Plaintiff alleged that as a result of the misrepresentations made by Defendants, he was entitled to rescission of the Purchase and Sale Agreement.  *Id., pg. 8*, ¶ 53.  Alternatively, he alleged that he was entitled to recover damages.  *Id.*, ¶ 54.  The prayer for relief also requested rescission of the Purchase and Sale Agreement.  *Id., pg. 13.*  Defendants filed a motion to dismiss the complaint which was partially granted on March 29, 2013.  *Order (#62).*  Plaintiff filed an amended complaint on April 10, 2013, which also contained a claim for intentional misrepresentation and fraud in the inducement and again sought rescission

2

of the Purchase and Sale Agreement.  *Amended Complaint (#69), pg. 18*, ¶ 105.

Defendants filed a motion to dismiss the amended complaint on April 23, 2013.  *Motion to Dismiss (#78)*.  Defendants argued that Cleverley's claims based on Defendants' alleged misappropriation of AllSite's business opportunities and other fraudulent conduct during the parties' business relationship were barred by the mutual waiver and release of claims in the Purchase and Sale Agreement.  Defendants acknowledged that Cleverley could potentially pursue such claims if the Purchase and Sale Agreement was rescinded.  Defendants argued, however, that Cleverley was barred from obtaining rescission because he had not tendered back the payments he had received under the Purchase and Sale Agreement.

While Defendants' motion to dismiss the amended complaint was pending, Cleverley filed his Motion for Partial Summary Judgment and Specific Performance (#92) on May 23, 2013.  Cleverley argues in this motion that the Purchase and Sale Agreement gives him the right to inspect the books and records of AllSite and other related entities until the promissory note is paid in full.  He argues that AllSite has breached the Purchase and Sale Agreement and promissory note by denying his right to inspect the books and records and by failing to pay the $68,750 quarter-annual payments that have come due since December 2011.  Cleverley further alleges that pursuant to the acceleration clause in the promissory note, the entire balance of the promissory note is now due and payable as a result of AllSite's default in its obligations.  Cleverley requests that the Court enter partial summary judgment in his favor on the fourth claim for relief for breach of contract against AllSite and that the Court order AllSite to pay the full amount owing under the promissory note, and all late fees, interest, attorney's fees and expenses.  He also requests an order requiring AllSite to grant him immediate access to its books and records.  *Motion (#92), pg. 7.*

Defendants raise a number of arguments in opposition to Plaintiff's motion for partial summary judgment.  First, Defendants argue that Cleverley's Fourth Claim for Relief (Breach of Contract Against AllSite) alleges only that AllSite has breached its obligation to pay commissions under the Purchase and Sale Agreement.  It does not allege that AllSite has breached its duty to make its books and records available for inspection by Plaintiff or has breached its duty to make payments under the Purchase and Sale Agreement and promissory note.  Defendant therefore

argues that Cleverley is seeking relief beyond the scope of what he has plead as breach of contract. Second, AllSite alleges that Cleverley breached his obligations under the Purchase and Sale Agreement by refusing to deposit his membership certificates into escrow as required by the Pledge Agreement. (After initially refusing to deposit his membership certificates, Plaintiff deposited them "under Protest" which AllSite alleges does not comply with the agreement.) Third, AllSite alleges that Cleverley has failed to pay Cofran under his contract to purchase Cofran's interest in AllSite. Defendants argue that "even if AllSite is ordered to resume payments to Cleverley under the Purchase Agreement, the payments must be deposited into the escrow account pursuant to the Cleverley/Cofran Escrow Agreement and the Cofran/Cleverley Escrow Agent must honor Cofran's right of priority to the payments." *Defendants' Opposition (#108), pg. 8.* Finally, Defendants argue that Cleverley has anticipatorily repudiated the Purchase and Sale Agreement and promissory note by seeking rescission of the Purchase and Sale Agreement. Defendants argue that Cleverley's request for rescission relieves AllSite of its obligation to perform under the contract, at least until the rescission issue is resolved. *Id. pgs. 8-9.*

On August 29, 2013 the Court entered Order (#137) which granted, in part, and denied, in part, Defendants' motion to dismiss Plaintiff's amended complaint. The Court agreed with Defendants that if the Purchase and Sale Agreement is valid and enforceable, then the Mutual Waiver and Release bars any claims that Plaintiff had or may have had against Defendants arising out of their prior business relationship. *Order (#137), pg. 9.* The Court further held that by moving for partial summary judgment to enforce the Purchase and Sale Agreement and promissory note, Plaintiff has made a binding election of remedies to enforce the contract and has waived the potential remedy of rescission. *Order (#137), pgs. 13-17.* The Court granted Plaintiff leave to file a second amended complaint in accordance with its order dismissing claims in the amended complaint. Plaintiff filed his Second Amended Complaint (#145) on October 22, 2013 in response to which Defendants filed a motion to dismiss on the grounds that it does not comply with Order (#137) and still alleges claims barred by the Court's previous orders.

On November 15, 2013 AllSite filed a Counterclaim and Crossclaim in Interpleader (#153) in which it alleges that "in response to the Court's recent holding [that Cleverley is not entitled to

1  rescission], on December 1, 2013, Allsite is prepared to resume the scheduled payments set forth in

2  the Purchase Agreement and Allsite Note with the next quarter-annual payment of $68,750."

3  *Counterclaim/Crossclaim for Interpleader (#153), pg. 3,* ¶ 4.  AllSite alleges, however, that

4  because Co-Defendant Cofran has a claim to the payments based on Cleverley's alleged breach of

5  the contract to purchase his membership interest, there are competing claims to the quarter-annual

6  payments.  AllSite therefore seeks to interplead the quarter-annual payments into court.  *Id.*  During

7  the December 4, 2013 hearing on Plaintiff's motion for partial summary judgment, Defendants'

8  counsel also asserted that the quarter-annual payments that were not made while Plaintiff was

9  pursuing his claim for rescission should be "tacked-on" at the end of the payment period under the

10  promissory note, rather than being immediately paid to Plaintiff or into court pursuant to the

11  interpleader action.  Defendant's counsel further stated that AllSite is willing to permit Cleverley to

12  inspect the books and records of the company, although the parties may be in disagreement

13  regarding the scope of such inspection.

14  **DISCUSSION**

15  **I.**    **Legal Standards**

16  A court must grant summary judgment when "the movant shows that there is no genuine

17  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

18  Civ. P. 56(a).  Material facts are those which may affect the outcome of the case.  *See Anderson v.*

19  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is

20  sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

21  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)

22  states:

23  > When the party moving for summary judgment would bear the
> burden of proof at trial, it must come forward with evidence which
> would entitle it to a directed verdict if the evidence went
> uncontroverted at trial.  In such a case, the moving party has the
> initial burden of establishing the absence of a genuine issue of fact on
> each issue material to its case.

24  

25  

26  (citations and internal quotation marks omitted).

27  If the moving party meets its initial burden, the burden then shifts to the opposing party to

28  establish a genuine issue of material fact.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need

not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed

factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the

truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir.

1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on

conclusory allegations unsupported by facts.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and

set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See*

Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

At the summary judgment stage, a court's function is not to weigh the evidence and

determine the truth, but to determine whether there is a genuine issue for trial.  *See Anderson*, 477

U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to

be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable

or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

### II.     Merits of Plaintiff's Motion

At the time Plaintiff filed his Motion for Partial Summary Judgment and for Specific

Performance (#92), he was still pursuing his alternative claim for rescission of the Purchase and

Sale Agreement.  Plaintiff's counsel argued in response to Defendants' motion to dismiss the

amended complaint that he was not required to make an election of remedies until the time of trial.

As stated above, however, the Court concluded that by moving for summary judgment to obtain

full payment under the contract, Plaintiff had made a binding election to enforce the contract and

pursue his remedies for breach.

In *Stratosphere Litigation, LLC v. Grand Casinos*, 298 F.3d 1137, 1147 (9th Cir. 2002), the

court stated that "[a]nticipatory repudiation occurs when a party through conduct or language

makes a clear, positive and unequivocal declaration of an intent not to perform. *Enloe v. Blain*, 94

Nev. 198, 577 P.2d 60 (Nev. 1978); *Covington Bros. v. Valley Plastering, Inc.*, 93 Nev. 355, 566

P.2d 814, 817 (Nev. 1977).  In *Kahle v. Kostiner*, 85 Nev. 355, 455 P.2d 42, 44 (1969), the court

held that once a party anticipatorily repudiates the contract, the other party is excused from

performing thereunder. *See also Bird v. Casa Royale West*, 97 Nev. 67, 70, 624 P.2d 17, 19 (1981). The court in *Thomas v. Montelucia Villas, LLC*, 275 P.3d 607, 609 (Ariz.App. 2012) states that "[a]n anticipatory repudiation is a breach of contract giving rise to a claim for damages and also excusing the necessity for the non-breaching party to tender performance. . . . The repudiating party is not entitled to demand performance from the innocent party . . . ." (internal citations and quotation marks omitted).

In this case, Plaintiff alleged in his original complaint that AllSite had breached the Purchase and Sale Agreement by failing to pay commissions owed to him and by failing to make sufficient distributions to cover Cleverley's 2010 tax liability associated with his ownership interest in AllSite. *Complaint (#1), pgs. 9-11*, ¶¶ 65-81.[1]  Cleverley made similar claims in the third and fourth claims for relief in his first amended complaint. *Amended Complaint (#69), pgs. 19-20*, ¶¶ 117-133.  Neither complaint alleged that AllSite was in default of its payment obligations under the promissory note.   Defendants are therefore correct, that the claim(s) for relief upon which Plaintiff moved for summary judgment did not make allegations that AllSite was in default of the payment provisions of the promissory note.

The terms of the Purchase and Sale Agreement involved more than the sale of Cleverley's interest in AllSite for a stated price.  It also contained a "Mutual Waiver and Release (Claims Known and Unknown)" pursuant to which the parties waived and released any and all claims that they had against each other.  Notwithstanding this provision, Cleverley sought to allege claims against the Defendants based on their fraudulent or other wrongful conduct during the parties' prior business relationship.  He could only assert such claims if the Purchase and Sale Agreement was rescinded and the mutual waiver and release was thereby rendered null and void.  The Court, therefore, concludes that Cleverley's claims or requests for rescission and his assertion of claims against Defendants which were barred by the Purchase and Sale Agreement constituted an

---

[1] Allsite disputes that it has any duty to make distributions to cover Cleverley's tax liability under the terms of the Purchase and Sale Agreement, and further argues that any obligation to make distributions under the AllSite operating agreement were released by virtue of the Purchase and Sale Agreement.

1    anticipatory repudiation of that agreement which excused Defendant AllSite from performance

2    until such time as Plaintiff's request for rescission was resolved.  That occurred when the Court

3    determined that Cleverley had made an binding election to enforce the Purchase and Sale

4    Agreement and promissory note by filing his motion for partial summary judgment.

5          Defendant AllSite has now stated that it is willing to resume payment under the promissory

6    note, but seeks to interplead the payments in light of Co-Defendant Cofran's competing claim.

7    Whether AllSite is entitled to withhold the quarter-annual payments, that were not paid during the

8    period that Plaintiff was asserting a claim for rescission, until the end of the payment schedule in

9    the promissory note has not been briefed by the parties and the Court takes no position on that issue

10   at present.  Defendant also represented that it is willing to permit the Plaintiff to inspect the

11   Company's books and records.  The parties may be in disagreement regarding the scope of such

12   inspection.  If the parties cannot agree on the proper scope of inspection, they may address this

13   issue in an appropriate motion.

14                                   **CONCLUSION**

15         Plaintiff has not met his burden to establish, as a matter of law, that Defendant AllSite is in

16   breach of the Purchase and Sale Agreement or the Promissory Note.  Therefore, Plaintiff is not

17   entitled to partial summary judgment to enforce the agreement or the note.  Accordingly,

18         **IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment and for

19   Specific Performance (#92) is **denied**, without prejudice.

20         DATED this 17th day of December, 2013.

21

22                                                    _George Foley Jr._
                                                     GEORGE FOLEY, JR.
23                                                   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                               8