UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRANT CLEVERLEY, in his individual capacity and on behalf of nominal plaintiff ALLSITE STRUCTURE RENTALS, LLC, also a defendant herein,<br><br>        Plaintiff,<br><br>vs.<br><br>CHARLES BALLANTYNE, an individual; ALLSITE STRUCTURE RENTALS, LLC,<br><br>        Defendants. | Case No. 2:12-cv-00444-GMN-GWF<br><br>**ORDER**<br><br>**Partial Motion to Dismiss and/or Strike Second Amended Complaint (#147)** |

      This matter is before the Court on Defendants' Partial Motion to Dismiss and/or Strike Second Amended Complaint (##147, 148), filed on October 31, 2013.  Plaintiff filed his Opposition to Defendants' Partial Motion to Dismiss and/or Strike (#156) on November 18, 2013, and Defendants filed their Reply (#158) on November 27, 2013.  The Court conducted a hearing in this matter on December 4, 2013.

## **BACKGROUND**

      On August 29, 2013, the Court entered Order (#137) which partially dismissed Plaintiff's Amended Complaint (#69).  The order, in particular, dismissed claims that were based on Defendant's alleged wrongful acts in violation of their obligations under the Allsite Structural Rentals, LLC ("Allsite") operating agreement.  The Court held that such claims were released pursuant to the Mutual Waiver and Release (Claims Known and Unknown) in the June 14, 2011 Purchase and Sale Agreement between Plaintiff Cleverley and Defendant Allsite, and to which Defendant Cofran, as manager, and Defendant Ballantyne, as member, were expressly made third

party beneficiaries. The order was also predicated on the conclusion that Plaintiff made a binding election of remedies and waived his remedy of rescission when he filed a motion for partial summary judgment and for specific performance of the Purchase and Sale Agreement on May 23, 2013.

The Court also denied Plaintiff's Motion for Leave to File a Second Amended Complaint (#131) because "the additional factual allegations primarily relate to Plaintiff's claims arising from Defendants' alleged wrongful acts or omissions prior to the Purchase and Sale Agreement which are barred by mutual release. Plaintiff's motion for leave to file the proposed Second Amended Complaint is therefore denied on that basis alone." *Order (#137), pg. 22:15-18.* The Court, however "[did] not preclude Plaintiff from filing a revised motion for leave to file an amended complaint that complies with this order . . . . Plaintiff is cautioned, however, that any proposed amended complaint must not allege causes of action that have already been dismissed with prejudice. Any proposed amended complaint must also comply with the requirements of Rule 8(a)(1), as well as the requirements of *Ashcroft v. Iqbal* or *Bell Atl. Corp. v. Twombly*. Failure to comply with these requirements will result in denial of the motion for leave to file an amended complaint." *Id., pg. 23:11-17.*

On September 26, 2013, Plaintiff filed his "Renewed and Revised Motion for Leave to File Second Amended Complaint (#142), which attached a new proposed second amended complaint. On October 9, 2013, Defendants filed a Notice of Conditional Non-Opposition to Plaintiff's Motion (#143) subject to their right to move to strike or dismiss the second amended complaint once it was filed. Plaintiff did not file any objection to Defendants' conditional non-opposition. The Court therefore entered an order on October 21, 2013 granting Plaintiff's motion for leave to file the Second Amended Complaint which was filed on October 22, 2013. *See Docket Nos. 144 and 145.* In their instant Partial Motion to Dismiss and/or Strike Second Amended Complaint (##147, 148), Defendants now seek to strike and/or dismiss portions of the Second Amended Complaint.

. . .

. . .

## DISCUSSION

**1. Defendants' Motion to Strike Paragraphs in the Second Amended Complaint that Contain Allegations Regarding the Defendants' Pre-Purchase Agreement Conduct or Alleged Wrongful Acts.**

Rule 12(f) of the Federal Rules of Civil Procedure states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010), quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

Defendants move to strike the following paragraphs of the Second Amended Complaint on the grounds that they concern "pre-agreement conduct" barred by Order (#137): Paragraphs 8-53, 61-65, 76-77, 80, 85, 105, 107, 108, and 112. Defendants move to strike prayer for relief paragraphs 2 and 5, and Exhibits B-F, and H on the ground that they also concern matters unrelated to the permissible claims in this action.

As discussed in Order (#137), Plaintiff alleged in his amended complaint that in or about March 2011 and soon thereafter, he discovered that, for years, Defendants had engaged in a pattern of deceit in a deliberate attempt to steal the Allsite business from him. Plaintiff further alleged that shortly after discovering Defendants' rampant fraud and self-dealing, he attempted to mitigate the harm that Defendants were causing by offering to sell his shares. Plaintiff thereafter entered in the Purchase and Sale Agreement on June 14, 2011 whereby he sold his interest in Allsite and released any claims that he had against Allsite, Cofran or Ballantyne arising from their prior conduct. *Order (#137), pg. 3*.

Paragraphs 3-53 of the Second Amended Complaint reiterate Plaintiff's version of events regarding the formation of Allsite and his allegations concerning Defendant's alleged misconduct prior to his decision to attempt to sell his interest in Allsite and to enter into the Purchase and Sale Agreement. With the exception of paragraphs 42 and 43, paragraphs 3-53 are immaterial, impertinent, or scandalous, and do not allege any facts relevant to the authorized claims in this action. Paragraphs 42 and 43 allege predicate facts relevant to Plaintiff's claim for fraud in the

inducement, discussed hereinafter. The allegations in these paragraphs may therefore be properly alleged in support of that claim. Accordingly, paragraphs 8-41 and 44-53 will be stricken.

Paragraphs 61, 62 and 63 are also immaterial, impertinent, or scandalous for the reasons stated above and should be stricken. Paragraph 64, however, is relevant to Plaintiff's claim that Defendants Ballantyne and Cofran fraudulently induced him to enter into the Purchase and Sale Agreement by misrepresenting Allsite's taxable income for the 2010 tax year. The first two sentences and the last sentence of paragraph 65, and the footnote to that paragraph, are also relevant to Plaintiff's fraudulent inducement claim and will not be stricken. The sentence in paragraph 65 beginning with phrase "Cofran had been scheming with Ballantyne . . .", however, is immaterial, impertinent, or scandalous and will therefore be stricken.

Paragraph 76 is relevant to Plaintiff's fraudulent inducement claim and will not be stricken. Paragraph 77 is also relevant to the fraudulent inducement claim, except for the sentence that begins with the phrase "The misleading nature of the information was compounded. . . ." That sentence concerns Defendants' alleged prior conduct and is not relevant to either the breach of contract claims or the fraud in the inducement claim and will therefore be stricken. Paragraph 80 also is relevant to the fraud in the inducement claim and will not be stricken.

Paragraph 85 is generally relevant to Plaintiff's claim that Defendant Allsite has breached its duty to make the books and records of Allsite available to Plaintiff under the terms of the Purchase and Sale Agreement. The Court, however, strikes that portion of the paragraph which is based on Plaintiff's alleged right to inspect the books and records under the terms of the Allsite operating agreement.

Paragraph 105 makes allegations regarding Plaintiff's alleged right to an accounting under the Allsite operating agreement and regarding Defendant Ballantyne's alleged dilution of Allsite by his self-serving diversion of accounts to other competing entities. The allegations in this paragraph are irrelevant to Plaintiffs' claims for breach of contract or for fraud in the inducement. Paragraph 107 alleges that Allsite breached its obligation to make a sufficient distribution to pay Plaintiff's 2010 tax liability associated with his ownership interest in Allsite and to pay commissions owed to Plaintiff. Paragraph 108 is a "catch-all" allegation which alleges on information and belief that

1  Allsite "breached its obligations to make other and additional distributions, as described herein, pursuant to the terms of the Purchase Agreement and applicable law . . . ." Paragraph 112 alleges that Defendants breached the implied covenant of good faith and fair dealing to Cleverley under both the Allsite Agreement and the Purchase Agreement, including Allsite's failure and Defendants' refusal "to issue a distribution to Cleverley sufficient to cover his tax liability associated with his ownership interest in the Company and Allsite's failure to make income distributions to Cleverley as was the general practice in past years and, instead, stockpiling its income until after the Purchase Agreement closed." The Court will strike these paragraphs, except for the allegation in paragraph 107 regarding the payment of commissions, pursuant to the following discussion in this order regarding Defendant's motion to dismiss Plaintiff's second and third claims for relief.

The Court agrees with Defendants that prayer for relief paragraphs 2 and 5 seek remedies that are precluded by the Court's previous orders partially granting Defendant's motions to dismiss. These paragraphs will therefore be stricken as immaterial, impertinent, or scandalous.

The Court agrees with Defendants that Exhibits B, C, D and F to the Second Amended Complaint are irrelevant to the breach of contract or fraud in the inducement claims and should therefore be stricken. It is unclear to what claims or allegations Exhibit E relates. The Court will therefore strike this exhibit, unless Plaintiff shows in a future amended complaint how this exhibit relates to any of his surviving claims. It is also unclear in what respect Exhibit H is relevant to the claims in this case. Exhibit H is a May 11, 2011 email letter from Mr. Ballantyne to Plaintiff offering to purchase his interest in Allsite. The Court does not see, on its face, the relevancy of Exhibit H to the authorized claims in this case and will therefore strike it.

**2.  Defendants' Motion to Dismiss the Fraud in the Inducement Claim for Failure to State a Claim.**

The Court previously upheld Plaintiff's cause of action for fraud in the inducement as alleged in the amended complaint. *Order (#137), pgs. 17-18.* Defendants, however, move for dismissal of this claim as alleged in the Second Amended Complaint.

. . .

5

To establish fraud in the inducement, Plaintiff must prove by clear and convincing evidence the following elements: (1) a false representation made by Defendants, (2) Defendants' knowledge or belief that the representation was false (or knowledge that they had an insufficient basis for making the representation), (3) Defendants' intention therewith to induce Plaintiff to consent to the contract's formation, (4) Plaintiff's justifiable reliance upon the misrepresentation, and (5) damage to Plaintiff resulting from such reliance. *J.A. Jones Constr. v. Lehrer McGovern Bovis*, 120 Nev. 277, 290, 89 P.3d 1009, 1018 (2004). The Court previously held that Plaintiff had sufficiently alleged a cause of action for fraud in the inducement based on his allegations that Defendant Ballantyne instructed Defendant Cofran to make misrepresentations to Plaintiff regarding Allsite's estimated 2010 taxable income for the purpose of inducing him to enter into the Purchase and Sale Agreement. Plaintiff alleged that he relied on those representations in entering into the agreement and that he would not have entered into the agreement if he had been provided truthful information concerning Allsite's 2010 taxable income. *Order (#137), pg. 18.*

The Second Amended Complaint also alleges a claim for intentional misrepresentation and fraud in the inducement. *Second Amended Complaint (#145), pgs. 17-18*. Paragraph 89 incorporates into this claim "all preceding paragraphs as though they were fully set forth." This, of course, includes the paragraphs that have nothing to do with a claim for fraud in the inducement and which the Court herein orders to be stricken. To reiterate this Court's statements in Order (#137), Plaintiff cannot assert fraud or other claims against the Defendants based on their statements or conduct that occurred prior to the Purchase and Sale Agreement of June 14, 2011. Plaintiff released any such claims pursuant to the Mutual Waiver and Release in that agreement.

Plaintiff can assert a claim for fraud in the inducement based on intentional misrepresentations allegedly made by Defendants that were intended to induce and did induce him to enter into the Purchase and Sale Agreement. The only misrepresentation that Plaintiff has alleged in that regard is Defendant Cofran's statement to him regarding Allsite's estimated 2010 taxable income. Paragraph 90 of the Second Amended Complaint alleges that "Defendant made representations to Cleverley regarding the financial status of the Company, *including*, in early 2011, an estimate of the income that the Company would report on its income tax return for 2010."

(Emphasis added).  Plaintiff further alleges that Defendants knew these representations were false and that he relied on the representations in entering into the Purchase and Sale Agreement.  ¶¶ 91, 92.  Paragraphs 64, 65 (to the extent not stricken by the Court), 66, and 76-80 (to the extent not stricken) also contain factual allegations relevant to Plaintiff's cause of action for fraud in the inducement.

Defendants argue that Plaintiff's Second Amended Complaint does not allege the circumstances constituting fraud in the inducement with sufficient particularity to satisfy the requirements of Fed.R.Civ.Pro. 9(b).  Defendants cite *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) for the proposition that the Plaintiff must plead the "who, what, when, where and how" that would suggest fraud.  The Second Amended Complaint, however, contains the essential factual allegations to satisfy the requirements of Rule 9(b).  It alleges that in March 2011, Defendant Ballantyne ordered Defendant Cofran to misrepresent that Allsite had taxable income of $900,000 for the 2010 tax year.  It further alleges that Cofran made this representation to Plaintiff and that both Cofran and Ballantyne knew the representation was false.  *Second Amended Complaint (#145)*, ¶ 64.  Plaintiff also alleges that Defendants made this knowingly false representation with the intention that Plaintiff would rely on it and that Plaintiff did, in fact, rely on it in entering into the Purchase and Sale Agreement.  ¶¶ 79, 92.  These allegations sufficiently satisfy the requirement of Rule 9(b) that the complaint "identif[y] the circumstances of the alleged fraud so that the defendants can prepare an adequate answer."  *Cooper*, 137 F.3d at 627.

As stated above, the problem with the second claim for relief in the Second Amended Complaint is that Plaintiff incorporates into that claim irrelevant, immaterial and impertinent allegations relating to Defendants' prior conduct that have nothing to do with fraud in the inducement and which the Court orders to be stricken.  Paragraph 90 also suggests that Defendants made other unspecified representations regarding Allsite's financial condition that are the subject of the fraud in the inducement claim.  This, however, violates the requirement of Rule 9(b) that factual allegations of fraud be set forth with particularity.  Plaintiff has had sufficient opportunity to plead with particularity any other intentional misrepresentations that were made to him for the purpose of inducing him, and which did induce him, to enter into the Purchase and Sale Agreement.  He has

not alleged any.  Accordingly, Plaintiff's fraud in the inducement claim will be limited to Plaintiff's allegation regarding Defendant Cofran's alleged representation regarding Allsite's 2010 taxable income.

The Court will permit Plaintiff to file a further amended complaint that alleges a claim for fraud in the inducement that complies with this Order and with Order (#137).  Plaintiff's counsel is cautioned, however, that he may not include or incorporate into this cause of action irrelevant factual allegations or other alleged misrepresentations besides Defendant's Cofran's representation regarding Allsite's 2010 taxable income.  The Court reminds Plaintiff and his counsel of their obligations under Rule 11(b) of the Federal Rules of Civil Procedure and cautions them that sanctions will be imposed pursuant to Rule 11(c) if Plaintiff persists in asserting claims or allegations that the Court has already determined are not actionable.

**3.  Defendants' Motion to Dismiss Plaintiff's Claims Regarding Allsite's Alleged Obligation to Make Tax Liability Distribution(s).**

Plaintiff's Second Claim for Relief alleges a breach of contract claim against Allsite for its alleged failure to pay commissions and failure to make a tax liability distribution to Plaintiff as required by the Purchase and Sale Agreement. *Second Amended Complaint (#145)*, ¶¶ 100, 103. Defendant Allsite moves for dismissal of the breach of contract claim regarding the tax liability distribution on the grounds that the Purchase and Sale Agreement does not require Allsite to make such a distribution.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008).  The court accepts the factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Id.* at 1031.  The court, however, need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint. *Id.*, citing *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). The court is also not required to accept as true, factual allegations that are not plausible on their face. *Blantz v. Calif. Dept. of Corrections*, 727 F.3d 917, 922 (9th Cir. 2013).  The court may not

1  dismiss a complaint without leave to amend, however, unless it is clear that the complaint cannot
2  be saved by amendment. *Manzarek*, 519 F.3d at 1031.
3       In a diversity case, the court applies applicable state law in construing the provisions of a
4  written contract. Section 8 of the Purchase and Sale Agreement states that it is to be construed and
5  interpreted under and in accordance with the laws of the State of Nevada. *Ellison v. Calif State*
6  *Auto. Ass'n*, 106 Nev. 601, 603, 797 P.3d 975, 977 (1990) states that "[i]t has long been the policy
7  in Nevada that absent some countervailing reason, contracts will be construed from the written
8  language and enforced as written." Where the document is clear on its face, the court will construe
9  it according to its language. *Id.*, citing *Southern Trust Mort. Co. v. K & B Door Co.*, 104 Nev. 564,
10 568, 763 P.2d 353, 355 (1988). The court is not free to modify the terms of an unambiguous
11 contract. *Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 281, 21 P.3d 16, 21 (2001). The court may
12 not attempt to increase the legal obligations of the parties where the parties have intentionally
13 limited such obligations in their agreement. *United Rentals Hwy. Techs. v. Wells Cargo*, 128 Nev.
14 Adv. Op. 59, 289 P.3d 221, 229 (2012). Every word in a contract must be given effect if at all
15 possible. *Id.*
16      Section 1 of the Purchase and Sale Agreement states, in pertinent part, that Plaintiff agreed
17 to sell his membership interest in Allsite for the total purchase price of $1,300,000.00. It further
18 states that simultaneously with the closing of the agreement, Plaintiff would submit his written
19 resignation as a member of the Company in accordance with Section 10.1 of the Operating
20 Agreement. *Purchase and Sale Agreement, pg. 2*. The Purchase and Sale Agreement further states
21 as follows:

> SECTION 4. <u>Tax Obligations</u>. Seller is responsible for any and all pro-rata income tax obligations associated with his ownership of the 50% of the Company through the Effective Date. Seller will receive a Form K-1 for year 2011 from the Company and will be responsible for payment of any and all taxes associated with it. Seller is responsible for any and all taxes associated with the sale of the Member Interest, including but not limited to capital gains taxes.

*Purchase and Sale Agreement, pg. 4.*

27      In contrast to Section 4, Section 1 of the agreement clearly provides for the payment of
28 certain commissions to the Plaintiff. It states:

> In addition to payment of the Purchase Price by the Buyer to the Seller, at the Closing the Company shall pay to the Seller any and all commissions then due and owing to the Seller by the Company and shall acknowledge any further commissions due and owing by the Company to the Seller payable in the future in accordance with the Company's customary payment policy.  See Schedule A.

*Purchase and Sale Agreement, pg. 2.*

Schedule A attached to the agreement lists the projects on which commissions were owed to the Plaintiff.

The first sentence of Section 5.B., "Mutual Waiver and Release (Claims Known and Unknown)" further states:

> In consideration of the sale and purchase transaction, which is the subject of this Agreement, except for the duties, obligations and other matters which are the subject of and specifically provided for in this Agreement including any and all related agreements referenced, herein, the undersigned parties agree to and hereby do forever waive, release and discharge for all purposes the other from any and all claims, suits, causes of action, debts, obligations, liabilities and all other matters that each party has or may now have or may hereafter have against the other party (the "Mutual Release" and collectively the "Released Claims").

*Purchase and Sale Agreement, pgs. 4-5.*

The plain language of Section 4 of the Purchase and Sale Agreement states that the Plaintiff is responsible for the payment of any income tax associated with his ownership of 50% of the Company through the Effective Date of the agreement.  This provision is also in accord with the mutual release provisions in Section 5.B of the agreement.  The Purchase and Sale Agreement expressly evidences those obligations arising out of the Allsite operating agreement that Allsite agreed to pay-- the commissions earned by Plaintiff.  Any obligation to distribute funds to Plaintiff to cover his income tax liability that existed under the Allsite operating agreement was superceded by the express contrary provision in Section 4 of the Purchase and Sale Agreement, as well as by the Mutual Release and Waiver (Claims Known and Unknown) in Section 5 of that agreement. Allsite has no obligation to distribute funds to pay Plaintiff's tax obligation.

The Court therefore dismisses, with prejudice, Plaintiff's second claim for relief to the extent it alleges that Allsite breached its contractual duty to issue distributions to Plaintiff sufficient

to cover his tax liability associated with his ownership interest in Allsite. The Court also dismisses, with prejudice, Plaintiff's third claim for relief for breach of the covenant of good faith and fair dealing to the extent it is based on Allsite's alleged contractual duty to make a distribution to cover Plaintiff's tax liability.

The second claim for relief also alleges that Allsite failed to pay other unspecified distributions. ¶¶ 103, 105, 108. The Court strikes these allegations because the Plaintiff has not identified what other distributions are called for under the terms of the Purchase and Sale Agreement. Nor does it appear from the language of the Purchase and Sale Agreement that Allsite has any obligations to make "distributions" to Plaintiff other than the installment payments under the Promissory Note referenced in Sections 1 and 2 of the Agreement and the commissions as discussed above.

**4.     Defendants' Motion to Dismiss Breach of Contract Claim Based on Missed Installment Payments.**

Plaintiff also alleges in his Second Amended Complaint that Allsite has breached its duty to make installment payments pursuant to the Purchase and Sale Agreement. *Second Amended Complaint (#145)*, ¶¶ 82, 102. On December 17, 2013, the Court denied Plaintiff's Motion for Partial Summary Judgment and for Specific Performance (#92) which was filed on May 23, 2013. *Order (#165)*. In that order, the Court held that Allsite did not breach its duty to make installment payments under the Purchase and Sale Agreement and Promissory Note after Plaintiff placed the Defendants on notice that he was seeking rescission of the Purchase and Sale Agreement and during the time that Plaintiff's request for rescission was pending in this action. In Order (#137), entered on August 29, 2013, the Court held that Plaintiff waived the remedy of rescission by moving for summary judgment to enforce the Purchase and Sale Agreement. Pursuant to that order, Allsite's obligation to make installment payments under the terms of the Purchase and Sale Agreement and Promissory Note has arguably resumed.

Allsite filed a counterclaim and crossclaim in interpleader in this action on November 15, 2013 in which it alleges that it is prepared to resume the scheduled payments under the Purchase and Sale Agreement and Promissory Note. It alleges, however, that Defendant Cofran has a

competing priority claim to such payments arising from a separate escrow agreement that exists between Plaintiff, Cofran, Allsite and the escrow agent, in connection with Cleverley's purchase of Cofran's Allsite membership interest in 2009. *Counterclaim and Crossclaim in Interpleader (#153)*. Plaintiff Cleverley filed his answer to the counterclaim for interpleader on December 6, 2013 and Co-Defendant Cofran filed his answer on December 10, 2013.

Defendant also argues in its Partial Motion to Dismiss (##147, 148) that Plaintiff does not allege in the Second Amended Complaint that he has complied with his obligation under Section 9 of the Purchase and Sale Agreement to provide written notice of default and opportunity to cure the default before he could declare Allsite to be in default and exercise his rights under the Agreement.

The Court concludes that the Second Amended Complaint fails to allege sufficient facts to show that Allsite is in default of its obligation to make installment payments since the Court's August 29, 2013 order. Plaintiff has also not alleged that he provided notice of default to Defendant as required under the terms of the Purchase and Sale Agreement. The Court will therefore dismiss, without prejudice, Plaintiff's breach of contract claim on this basis.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss and/or Strike Second Amended Complaint (##147, 148) is **granted**, in part, and **denied**, in part, as follows:

1. Paragraphs 8-41, 44-53, 61-63, 105, 108, and 112, and prayer for relief paragraphs 2 and 5 of the Second Amended Complaint are **stricken** as immaterial, impertinent, or scandalous. Exhibits B-F, and H are also **stricken** in accordance with the provisions of this order.

2. Paragraphs 65, 77, 85, and 107 of the Second Amended Complaint are partially **stricken,** as set forth in this order, on the grounds that the stricken parts are immaterial, impertinent, or scandalous.

3. The First Claim for Relief for Intentional Misrepresentation and Fraud in the Inducement Against All Defendants is **dismissed**, **without prejudice**. Plaintiff is granted leave to file a Third Amended Complaint which alleges a claim for relief for fraud in the inducement limited to Plaintiff's allegation regarding Defendants' alleged misrepresentation about Allsite's 2010 taxable income.

4. The Second Claim for Relief for Breach of Contract Against Allsite and the Third Claim for Relief for Breach of the Covenant of Good Faith and Fair Dealing Against Allsite are **dismissed, with prejudice**, to the extent that they allege, or are based on, Defendant Allsite's alleged contractual duty to make a distribution to cover Plaintiff's tax liability.

5. The Second Claim for Relief for Breach of Contract against Allsite is **dismissed, without prejudice**, in regard to the allegation that Defendant Allsite has breached of its duty to make installment payments under the terms of the Purchase and Sale Agreement and Promissory Note.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for leave to file a third amended complaint in compliance with this order and the requirements of Rule 11(b) of the Federal Rules of Civil Procedure. Plaintiff and his counsel are hereby cautioned that sanctions will be imposed pursuant to Rule 11(c) if Plaintiff violates to provision of this order and the requirements of Rule 11(b).

DATED this 24th day of January, 2014.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE