UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GRANT CLEVERLEY, in his individual capacity and on behalf of nominal plaintiff ALLSITE STRUCTURE RENTALS, LLC, also a defendant herein,

    Plaintiff,

vs.

CHARLES BALLANTYNE, an individual; ALLSITE STRUCTURE RENTALS, LLC,

    Defendants.

Case No. 2:12-cv-00444-GMN-GWF

**ORDER**

    This matter is before the Court on Defendants' Motion for Attorneys' Fees (#151), filed on November 4, 2013.  Plaintiff filed his Opposition to Defendants' Motion for Attorneys' Fees (#157) on November 21, 2013 and Defendants filed their Reply in Support of Motion for Attorneys' Fees (#159) on November 27, 2013.  The Court conducted a hearing in this matter on December 4, 2013.

**BACKGROUND**

    On August 29, 2013, the Court entered Order (#137) which dismissed claims that were based on Defendant's alleged wrongful acts in violation of their obligations under the Allsite Structural Rentals, LLC ("Allsite") operating agreement.  The Court held that such claims are barred by the Mutual Waiver and Release (Claims Known and Unknown) in the June 14, 2011 Purchase and Sale Agreement between Plaintiff Cleverley and Defendant Allsite, and to which Defendant Cofran, as manager, and Defendant Ballantyne, as member, were expressly made third party beneficiaries.  The order was predicated on the conclusion that Plaintiff made a binding

election of remedies and waived his remedy of rescission of the Purchase and Sale Agreement when he filed a motion for partial summary judgment and for specific performance of that agreement. Following Order (#137) and the more recent Order (#173), which dismissed the Second Amended Complaint without prejudice and with leave to amend, Plaintiff still has a claim for damages against Defendants Allsite, Ballantyne and Cofran for fraud in the inducement, claims against Defendant Allsite for breach of contract and the implied covenant of good faith and fair dealing, and a claim for defamation against Defendant Ballantyne.

Defendants argue that they are entitled to an award of $176,016.25 in attorney's fees and $8,785.15 in costs, plus interest at the statutory rate, as a result of the dismissal of claims based on Defendants' conduct prior to the Purchase and Sale Agreement. Defendants' request for an award of attorneys' fees is made pursuant to Section 5.B of the Purchase and Sale Agreement which states, in part, as follows:

> Notwithstanding any other provision or agreement to the contrary in the Agreement or otherwise, if any of the undersigned parties in the future notwithstanding the Mutual Release, initiates any legal action or proceeding seeking to establish, determine, enforce or otherwise in respect of any of the Released Claims, then the prevailing party in any such action or proceeding shall be entitled to, in addition to whatever other relief or recovery such prevailing party may otherwise be entitled to, recover such prevailing party's reasonable legal fee's and costs paid or incurred as a result of or otherwise in respect of any such legal action or proceeding including any appeal thereof.[1]

Plaintiff argues that Defendants are not entitled to an award of attorney's fees and costs as no judgment has been entered in their favor. Alternatively, Plaintiff argues that an award of fees and costs should not be made until all of the claims have been fully litigated.

## DISCUSSION

An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024-25 (9th Cir. 2003), citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 833, 883 (9th Cir. 2000).

---

[1] Section 9 of the Purchase and Sale Agreement also contains a provision stating that "[t]he non-defaulting party shall be entitled to collect from the defaulting party all attorney's fees, and expenses, incurred by the non-defaulting party or parties to enforce the terms of this Agreement."

"An award of standard costs in federal court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases. *Id.* at 1022.

Nevada Revised Statute (NRS) 18.010.1 states that "[t]he compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law." A prevailing party is entitled to an award of attorney's fees pursuant to NRS 18.010.1 when the contract between the parties provides for an award of fees to the prevailing party. *Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089, 1097-98, 901 P.2d 684, 689 (1995). "The term 'prevailing party' is a broad term, encompassing plaintiffs, counterclaimants and defendants." *Smith v. Crown Financial Servs. of America*, 111 Nev. 277, 284, 890 P.2d 769, 773 (1995). "A party can prevail under NRS 18.010 'if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit.'" *Valley Electric Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005). *Branch Banking and Trust Co. v. Jarrett*, 2013 WL 5741240, *4 (D.Nev. 2013) notes that "[w]hile Nevada case law does not define 'prevailing party in the contractual context, the interpretation applied in the statutory context is instructive." The court applied that standard in granting an award of attorney's fees pursuant to a provision in a written guarantor agreement.

Plaintiff argues that no award of costs or attorney's fees can be made to Defendants because no judgment has been entered in their favor pursuant to Rule 54(b) and because Order (#137) is interlocutory. In support of his argument, Plaintiff cites Rule 54(d)(2)(B) which provides that a motion for attorney's fees must be filed not later than 14 days after the entry of judgment. Defendants argue, however, Rule 54(d) does not preclude an award of costs and attorney's fees prior to the entry of a final judgment.

In *Buckhannon Bd. v. West Virginia D.H.H.R.*, 532 U.S. 598, 121 S.Ct. 1835 (2001), the plaintiff brought a declaratory relief action against the state agency charged with regulating assisted living facilities on the grounds that a cease and desist order issued by the agency violated the Fair Housing Amendments Act (FHAA) and the Americans with Disabilities Act (ADA). The defendant agreed to stay enforcement of the cease and desist order while the parties pursued discovery. The state legislature thereafter eliminated the regulation under which the cease and

desist order was issued and the declaratory relief action was dismissed by the district court. The plaintiff moved for an award of attorney's fees on the grounds that it was the prevailing party. The plaintiff argued that it was entitled to an award of fees under the so-called "'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.*, 532 U.S. at 601, 121 S.Ct. at 1838.

The Supreme Court noted that numerous federal statutes authorize the award of attorney's fees to the prevailing party. The Court stated that the term "prevailing party" is a legal term of art which Black's Law Dictionary 1145 (7th ed. 1999) defines as "'[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>. ---Also termed *successful party*." *Buckhannon*, 532 U.S. at 603. 121 S.Ct. at 1839. The Court stated that "[t]his view that a 'prevailing party' is one who has been awarded some relief by the court can be distilled from our prior cases." *Id.* The Court further noted that Congress intended to permit the interim award of attorney's fees under the Civil Rights Act, 42 U.S.C. §1988, only when a party has prevailed on the merits of at least some of his claims. *Id.* The Court further stated that "[i]n addition to judgments on the merits, we have held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees." *Id.*, 532 U.S. at 604, 121 S.Ct. at 1840. Although a consent decree does not always include an admission of liability, it is a court-ordered change in the legal relationship between the parties sufficient to support an award of attorney's fees. The Court, however, rejected the "catalyst theory" and held that the plaintiff was not entitled to an award of fees because there had been no *judicially sanctioned* change in the parties' legal relationship.

*Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) states that *Buckhannon* clarified that in order for a litigant to qualify as a prevailing party for purposes of an attorney's fee award, he must achieve a material alteration of the legal relationship between the parties and that alteration must be judicially sanctioned. The court held that a voluntary stipulation to stay plaintiff's deportation order which was incorporated into an order by the district court satisfied the requirements for an award of attorney's fees. In *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712

4

(9th Cir. 2013), the plaintiff obtained a preliminary injunction that enjoined the enforcement of a city resolution which precluded plaintiff from distributing T-shirts near the city zoo. Prior to a final determination of the merits, the parties agreed to a settlement whereby the city agreed to adopt a new resolution which protected plaintiff's rights. The action were thereupon dismissed. In upholding a subsequent award of attorney's fees to the plaintiff, the court stated that judicially sanctioned relief is not limited to only judgments or consent decrees. The court held that a preliminary injunction order which makes a finding of probable success on the merits is a sufficient judicially sanctioned alteration of the parties' legal relationship to support an award of attorney's fees.

In *Atlas Equipment Co. v. Weir Slurry Group, Inc.*, 2009 WL 4430701, *1 n. 1 (W.D.Wash. 2009), the court rejected the argument that defendants' application for attorney's fees was premature because it was filed before a judgment was entered in the case. The court stated that defendant's interpretation of Rule 54(d)(2) was flawed because the rule does not mandate that a party wait until after judgment to submit a request for attorney's fees. Rather, it sets a time limit triggered by the entry of judgment for when such a motion must be filed. This holding is in accord with the plain language of the rule. It is also consistent with the holdings in *Buckhannon*, *Carbonell*, *Higher Taste* and other cases which have held that a final judgment is not a necessary precondition to the award of attorney's fees to a prevailing party. Rule 54(d) therefore does not preclude an award of attorney's fees to Defendants if they otherwise qualify as the prevailing parties under the criteria set forth in *Buckhannon*.

In this case, the Court dismissed Plaintiff's claims for relief based on Defendants' conduct prior to the Purchase and Sale Agreement pursuant to the Mutual Waiver and Release in the agreement. That decision materially alters the legal relationship between the parties in that Plaintiff is now precluded from pursuing claims that he alleged in his complaint and amended complaint and as to which the parties have expended considerable resources and time in litigating. The requirements for an award of attorney's fees under *Buckhannon* have therefore been met.

As Plaintiff's note, Order (#137) is interlocutory and is at least theoretically subject to withdrawal or modification by the Court prior to the entry of final judgment. The mere legal

possibility that the order might be withdrawn or modified, however, does not persuade the Court that Defendant's motion for attorney's fees should be denied as premature.  Plaintiff, however, still has claims against Defendant Allsite for breach of contract and a claim against all Defendants for fraud in the inducement, as well as a claim for defamation against Defendant Ballantyne.  Should the Plaintiff prevail on his breach of contract claim, he will potentially be entitled to an award of attorney's fees against Defendant Allsite under Section 9 of the Purchase and Sale Agreement.  He could potentially also recover costs on his other claims.  Thus, there could be an offset of the fees and costs that may be awarded to the Defendants with respect to the dismissed claims.  The Court exercises its discretion in this matter to await a resolution of all of the parties' claims, whether by judgment and/or settlement, before deciding the appropriate amount of attorney's fees and costs that should be awarded to Defendants with respect to the claims dismissed by Order (#137). Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** Defendants' Motion for Attorneys Fees (#151) is **denied**, without prejudice, to its refiling at a later stage in these proceedings.

DATED this 28th day of January, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge