1
2
3
4

5                    **UNITED STATES DISTRICT COURT**

6                         **DISTRICT OF NEVADA**

7

8    GRANT CLEVERLEY, in his individual            )
     capacity and on behalf of nominal plaintiff   )
9    ALLSITE STRUCTURE RENTALS, LLC,               )
     also a defendant herein,                      )
10                                                  )
                          Plaintiff,                )    Case No.  2:12-cv-00444-GMN-GWF
11                                                  )
     vs.                                            )    **ORDER**
12                                                  )
     CHARLES BALLANTYNE, an individual;            )
13   ALLSITE STRUCTURE RENTALS, LLC,                )
                                                    )
14                        Defendants.               )
     _____       )
15

16            This matter is before the Court on Plaintiff's Objections and Request for Partial

17   Reconsideration of Court's Order on Defendants' Partial Motion to Dismiss and/or Strike Second

18   Amended Complaint (#177), filed on February 7, 2014.  Defendants filed their Response to

19   Plaintiff's Objections and Request for Partial Reconsideration (#181) on February 24, 2014.

20   Plaintiff filed his Reply (#182) on March 6, 2014.  The Court conducted a hearing in this matter on

21   March 14, 2014.

22                         **BACKGROUND AND DISCUSSION**

23            In Order (#173), the Court dismissed, with prejudice, that part of Plaintiff's Second

24   Amended Complaint that alleges that Defendant Allsite breached a contractual duty under the terms

25   of the parties' Purchase and Sale Agreement to make a distribution to Plaintiff to pay  his 2010 tax

26   liability arising out of his fifty (50) percent ownership interest in Allsite.  The Court concluded that

27   such a claim is contrary to the clear terms of the Agreement which states as follows:

28

1
2
3
4

    SECTION 4.  Tax Obligations.  Seller is responsible for any and all pro-rata income tax obligations associated with his ownership of the 50% of the Company through the Effective Date.  Seller will receive a Form K-1 for year 2011 from the Company and will be responsible for payment of any and all taxes associated with it.  Seller is responsible for any and all taxes associated with the sale of the Member Interest, including but not limited to capital gains taxes.

5

*Purchase and Sale Agreement, pg. 4.*

6       Plaintiff concedes that his objection to Order (#173) and request that the District Judge

7  overrule that order does not lie in that the parties consented to have the Magistrate Judge conduct

8  all proceedings in this case including trial, the entry of final judgment and all post-trial proceedings

9  in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.Pro. 73.  *See Order (#146), filed October 23,*

10  *2013.*  Notwithstanding Plaintiff's procedural error in objecting to the order, the Court has

11  considered Plaintiff's Objections and Request for Partial Reconsideration (#177) under the general

12  standards applicable to motions for reconsideration: Whether the court (1) is presented with newly

13  discovered evidence; (2) committed clear error or its initial decision was manifestly unjust; or (3)

14  there has been an intervening change in controlling law.  *See Marlyn Nutraceuticals, Inc. v. Mucos*

15  *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).   The only factor arguably applicable

16  here is that the Court committed clear error in Order (#173).

17       Having reviewed the briefs of the parties and heard argument by counsel, the Court finds

18  that there is no basis to conclude that Order (#173) is clearly erroneous or manifestly unjust.  To the

19  contrary, the Court remains convinced that the plain language of Section 4 of the Purchase and Sale

20  Agreement, read in accordance with the agreement as a whole, provides that Plaintiff was

21  responsible for the payment of his 2010 tax liability.  Accordingly, Defendant did not breach the

22  terms of the Purchase and Sale Agreement by refusing or failing to make such a distribution.

23       As the Court has previously stated, however, Plaintiff may pursue a claim for damages

24  based on his claim that he was fraudulently induced to enter into the Purchase and Sale Agreement

25  by Defendants' false representations regarding the estimated amount of Plaintiff's 2010 tax

26  liability.  Order (#173) also does not preclude Plaintiff from hereafter claiming a right to a

27  distribution to cover a portion of his tax liability if he is successful in establishing that Allsite

28  otherwise breached the Purchase and Sale Agreement and Plaintiff is restored to the ownership of a

portion of Allsite.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections and Request for Partial Reconsideration of Court's Order on Defendants' Partial Motion to Dismiss and/or Strike Second Amended Complaint (#177) is **denied**.

DATED this 17th day of March, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge

3