# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GRANT CLEVERLEY, in his individual )
capacity and on behalf of nominal plaintiff )
Allsite STRUCTURE RENTALS, LLC, )
also a defendant herein, )
                                                 Plaintiff, )    Case No. 2:12-cv-00444-GWF
)
vs. )    **ORDER**
)
CHARLES BALLANTYNE, an individual; )
Allsite STRUCTURE RENTALS, LLC, )
)
                                           Defendants. )

       This matter is before the Court on Plaintiff's Motion to Disqualify McDonald Carano Wilson, LLP (#189). The Court conducted a hearing in this matter on June 2, 2014, at the end of which it announced its decision denying the motion. The Court herewith provides its explanation for its decision.

       Plaintiff Grant Cleverley previously owned a fifty percent (50%) interest in Allsite Structure Rentals, LLC, a Nevada limited liability company (hereinafter "Allsite"). On or about June 14, 2011, Cleverley entered into a purchase and sale agreement with Allsite to sell his interest in exchange for the payment of $1,300,000. As a result of that sale, Defendant Charles Ballantyne became the sole owner of Allsite. Prior to Plaintiff's sale of his interest in Allsite, Defendant John Cofran had also owned an interest in Allsite. Cofran's interest was purchased equally by Ballantyne and Cleverley, making them each 50 percent owners of the company. Cleverley executed a promissory note to Cofran for the purchase of his interest in Allsite.

       Plaintiff brought this lawsuit against Allsite, Ballantyne and Cofran alleging numerous causes of action, including that Ballantyne and Cofran fraudulently induced Plaintiff to sell his

interest in Allsite by misrepresenting the company's taxable income. Allsite and Cofran, through the law firm of McDonald Carano Wilson, LLP, filed a motion to dismiss the original complaint on April 17, 2012. Defendant Ballantyne, acting in proper person, filed a joinder in the motion to dismiss that same day. On May 29, 2012, McDonald Carano Wilson, LLP entered its appearance as counsel for Defendant Ballantyne. Since that date, McDonald Carano Wilson, LLP has represented Allsite, Ballantyne and Cofran in this action.

Plaintiff Cleverley defaulted on his promissory note to Cofran. He claims that this default was caused by Allsite's breach of its obligations to pay him under the terms of the purchase and sale agreement. Allsite and Ballantyne allege, however, that they have not breached the purchase and sale agreement or engaged in any other wrongful conduct toward Cleverley. Cofran alleges that he is entitled to collect the defaulted payments owed him by Cleverley from the amounts payable to Cleverley under the purchase and sale agreement.

On November 15, 2013, Allsite, through McDonald Carano Wilson, LLP, filed a Counterclaim and Cross-Claim for Interpleader (#153) against Cleverley and Cofran. Allsite alleges that it is willing, ready and able to recommence payments to Cleverley under the purchase and sale agreement, but is unable to do so because of the competing claim of Cofran to receive payment to satisfy Cleverley's debt to him. Allsite therefore seeks to interplead the payments due under the purchase and sale agreement so that the respective rights of Cleverley and Cofran to the funds can be adjudicated. As part of its claim for interpleader, Allsite requests that Cleverley and Cofran be enjoined from instituting or maintaining any separate action against Allsite in regard to the funds that are the subject of the interpleader action. Cleverley filed his answer to the counterclaim for interpleader on December 6, 2013. Cofran filed his answer to the cross-claim for interpleader on December 10, 2013. Cofran's answer was filed on his behalf by his counsel McDonald Carano Wilson, LLP.

Plaintiff argues that McDonald Carano Wilson, LLP has a clear conflict of interest in representing both Allsite and Cofran in the interpleader action. Plaintiff relies on Rule 1.7 of the Nevada Rules of Professional Conduct 1.7(b)(3) which prohibits a lawyer from representing two or more clients where the representation involves the assertion of a claim by one client against another

client of the lawyer in the same litigation.  Plaintiff argues that he has standing to move for McDonald Carano Wilson, LLP's disqualification because its joint representation of Allsite, Ballantyne and Cofran is preventing this action from being settled.  Since Plaintiff filed his motion to disqualify, Defendant Charles Ballantyne's family trust has purchased Cofran's rights to collect on the promissory note owed by Cleverley.  Allsite, Ballantyne and Cofran therefore argue, that while there has never been a conflict of interest that prevents McDonald Carano Wilson, LLP from collectively representing them in this action, now that Mr. Ballantyne's trust has purchased Cofran's rights to collect the note, any possible conflict has been eliminated.

Rule 22(a) of the Federal Rules of Civil Procedure provides that persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead.  Joinder for interpleader is proper even though the plaintiff denies liability in whole or in part to any of the claimants.  Subsection (a)(2) provides that a defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.  The procedural device of interpleader allows a stakeholder effectively to avoid a dispute with the claimants while the court determines the proper allocation of the disputed fund.  *See Knights of Columbus v. Virginia Trust*, 2012 WL 7784585, *5 (D.Nev. 2012), citing *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006).  *See also Sweet v. Transamerica Life Ins. Co.*, 2012 WL 3779051, *3-4 (D.Nev. 2012) (discussing purpose of interpleader and the protection provided to the stakeholder).

As the interpleading stakeholder, Allsite legally takes no position as to whether Cleverley or Cofran (or the Ballantyne family trust) has priority to the payments under the purchase and sale agreement.  Allsite is therefore not adverse to either Cleverley or Cofran in the interpleader.  Ballantyne as the owner of Allsite, and now as owner of the note given to Cofran, obviously asserts the right to satisfy Cleverley's note to Cofran from the payments otherwise owed to Cleverley under the purchase and sale agreement.  Because there is, in fact, no adverse claims or interests between Allsite, Ballantyne or Cofran, McDonald Carano Wilson, LLP does not have a conflict of interest in representing them in this action.  Although the interpleader complaint seeks to enjoin Cofran from instituting a separate action against Allsite, there is no actual conflict unless Cofran or

. . .

the Ballantyne family trust intends to assert such a claim against Allsite, which they presumably do not.

Plaintiff's argument that he has standing to move for McDonald Carano Wilson, LLP's disqualification because its dual representation is preventing the settlement of this action, is without merit. Allsite, Ballantyne and Cofran have always been allied against Plaintiff in this dispute. While Cofran's or Ballantyne's asserted right to collect the promissory note from the payments due to Cleverley under the purchase and sale agreement may be an impediment to settlement, it does not arise from a conflict of interest on the part of Defendants' counsel. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify McDonald Carano Wilson, LLP (#189) is **denied**.

DATED this 4th day of June, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge